IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVA AYALLA,

       Plaintiff,

      v.                                        Case No. 15-7600-JAR-TJJ

UNITED STATES POSTAL SERVICE,

       Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Eva Ayalla, proceeding *pro se*, brought this action against her employer Defendant United States Post Office ("USPS"), alleging that she was treated less favorably than similarly situated younger individuals in violation of the Age Discrimination in Employment Act ("ADEA"), and that she was denied overtime pay in violation of the Equal Pay Act. Plaintiff further alleges she was denied her rights under the Fifth and Fourteenth Amendments to the United States Constitution. Before the Court is Defendant's Motion to Dismiss (Doc. 12). Plaintiff has failed to respond to the motion and the time to do so has expired. The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

**I.**    **Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.    Motion to Dismiss

The Court also finds that the Complaint must be dismissed on the merits for the reasons identified in Defendant's motion to dismiss. First, Plaintiff's constitutional claims must be dismissed under the doctrine of sovereign immunity. The United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[3] Only Congress can waive the sovereign immunity of the United States.[4] The burden is on Plaintiff to find and prove an explicit waiver of sovereign immunity.[5] The United States has not waived its sovereign immunity for constitutional claims alleging money damages.[6] Because Plaintiff seeks monetary damages from a federal agency, her constitutional claims are barred by the doctrine of sovereign immunity.

Plaintiff next alleges a claim under the Equal Pay Act, arguing that she was intermittently required to perform more work than similarly situated younger, male post office custodians in

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).

[4]*United States v. Mitchell*, 445 U.S. 535, 538 (1980).

[5]*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (citations omitted)).

[6]*See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994).

order to earn overtime pay. Plaintiff alleges that this disparity in treatment was in order to induce her to retire; that she was treated differently because of her age. But these claims, even if true, would not establish a claim under the Equal Pay Act because that statute only concerns discrimination based on sex or gender, not on race, disability, or age.[7] Moreover, the Equal Pay Act does not apply to claims relating to overtime or opportunities to work overtime; the Fair Labor Standards Act ("FLSA") applies to claims for overtime pay, requiring employers to pay employees for hours worked in excess of forty per week at a rate of 1.5 time the employee's regular wages.[8] Liberally construing Plaintiff's *pro se* Amended Complaint, as the Court must,[9] she may be attempting to allege a claim of unpaid overtime under the FLSA. In order to state an FLSA claim, Plaintiff must allege that she is a covered employee who worked in excess of forty hours per week, yet overtime pay was withheld.[10] Plaintiff's Amended Complaint falls short of alleging a plausible FLSA claim. She alleges that she was required to perform "more work than similarly situated male co-workers" in order to earn overtime. But she does not allege that the USPS was subject to the FLSA, that she worked in excess of forty hours per week, or that the USPS knew Plaintiff worked overtime hours yet refused to compensate her.[11] For these reasons, any claim Plaintiff raises under the FLSA must be dismissed.

Finally, Plaintiff alleges a claim of age discrimination under the ADEA. She alleges that her superviser, Ollie McGee, refused to adjust the custodial routes between two younger co-workers and herself. Plaintiff claims that her co-workers were assigned one "daily route," whereas she was assigned four daily routes that required much more difficult manual labor such

---

[7] *See* 29 U.S.C. § 206(d)(1); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

[8] 29 U.S.C. § 207(a).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] 29 U.S.C. § 207(a).

[11] *See Muller v. Am. Mgmt. Ass'n Int'l*, 315 F. Supp. 2d 1136, 1141 (D. Kan. 2003).

as mowing grass and shoveling snow.  Plaintiff asked McGee to reduce her assignments so that they were equal to her co-workers, but he refused, aggravating her osteoarthritis.  Plaintiff alleges the USPS's refusal to accommodate her was done with an intent to force her retirement.

The USPS argues that Plaintiff lacks a cognizable ADEA claim because it took no adverse employment action against her when it denied her request to alter the custodial routes between herself and her coworkers.  The adverse employment element on a discrimination claim, "includes 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"[12]  Plaintiff alleges that the USPS refused to grant her request for an accommodation by trading her custodial routes for a basement assignment.  Assuming this is true, it does not constitute an adverse employment action because there is no change of circumstances alleged.  In fact, the failure to grant her request denied Plaintiff's request to change job assignments.  Plaintiff did not allege that she was asked to perform work that was not within the scope of duties regularly assigned to custodians.  Instead, Plaintiff argues that her groundskeeping duties became too strenuous and aggravated preexisting medical conditions.  Plaintiff cannot plausibly allege a claim that she was discriminated against on the basis of her age based on these facts.

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[13]  Leave need not be granted if amendment would be futile.[14]

---

[12]*Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032–33 (10th Cir. 2004)).

[13]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[14]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[15]  First, the Court notes that Plaintiff does not proceed *in forma pauperis* in this case.  The Court also finds that leave to amend would be futile.  Plaintiff cannot overcome the sovereign immunity defense to her constitutional claims, she has not alleged facts that come close to stating a claim under the Equal Pay Act, and she does not come close to alleging an adverse employment action to plausibly claim discrimination under the ADEA.  For all of these reasons, Plaintiff's claims must be dismissed in their entirety.

       **IT IS THEREFORE ORDERD BY THE COURT** that Defendant's Motion to Dismiss (Doc. 12) is **granted**.

       **IT IS SO ORDERED.**

Dated: December 8, 2015

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[15] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).