# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVA AYALLA,

      **Plaintiff,**

      **v.**                                **Case No. 15-7600-JAR-TJJ**

**UNITED STATES POSTMASTER GENERAL,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Eva Ayalla, proceeding *pro se*, brought this action against her employer, Defendant United States Post Office ("USPS"), alleging that she was treated less favorably than similarly situated younger individuals in violation of the Age Discrimination in Employment Act ("ADEA"), and that she was denied overtime pay in violation of the Equal Pay Act. Plaintiff further alleged she was denied her rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendant United States Postmaster General filed a Motion to Dismiss on November 2, 2015,[1] which included a certificate of service that the motion and memorandum in support were served by United States mail upon Plaintiff at a post office box in Mission, Kansas. Plaintiff did not file a response to the motion. Although the motion could have been granted for failure to file a response, the Court proceeded to consider the merits of the motion and granted the motion to dismiss on December 8, 2015.[2] The Court dismissed the constitutional claims under the doctrine of sovereign immunity, and the remaining claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Doc. 12.

[2] Doc. 16.

Now before the Court are the following motions filed by Plaintiff: (1) Motion to Rescind and Dismiss Defendant's Motion to Dismiss (Doc. 18); (2) Motion for Leave to Respond to Defendant's Motion to Dismiss and Request for Extension of 20 Days to Respond (Doc. 19); (3) Motion for Leave to Amend Complaint; (4) Motion for Leave to file Affidavit in Support of her Motion to Submit Second Amended Petition; Motion for Leave to File Memorandum in Support of Plaintiff's Motion for Leave to Amend (Doc. 26); and (5) Plaintiff's Motion to Respond in Opposition to Defendant's Motion to Dismiss (Doc. 27). Plaintiff has also filed a responsive brief in opposition to Defendant's November 2 motion to dismiss.[3]

The Court has considered the parties' submissions and liberally construes Plaintiff's filings as seeking reconsideration of the Court's dismissal order. The Court grants Plaintiff's request to reconsider the motion to dismiss in light of her lack of timely service of that motion, and grants her leave to file a response out of time. However, even reconsidering the motion to dismiss in light of Plaintiff's recently filed opposition to the motion, the Court finds dismissal is appropriate and declines to change its prior ruling. The Court also finds that Plaintiff's attempt to amend her Complaint does not remedy the deficiencies identified by the Court in its prior Order, so her motion for leave to amend must be denied as futile.

I.      **Motion to Reconsider**

Because Plaintiff proceeds *pro se*, the court must construe her pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[4] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a

---

[3]Doc. 28.

[4]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

legal theory on a plaintiff's behalf."[5]  Additionally, a *pro se* litigant is not excused from

complying with the rules of the court and is subject to the consequences of noncompliance.[6]

Because Plaintiff seeks to vacate this Court's prior order dismissing the case, and allow

her leave to respond to the motion to dismiss and to amend her complaint, the Court must first

consider whether the judgment in this matter should be vacated under Fed. R. Civ. P. 59.  A

motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving

party can establish: (1) an intervening change in the controlling law; (2) the availability of new

evidence that could not have been obtained previously through the exercise of due diligence; or

(3) the need to correct clear error or prevent manifest injustice.[7]

The Court easily finds that it must reconsider its prior dismissal order to correct clear

error or prevent manifest injustice.  It is apparent from the parties' filings that Plaintiff was not

served with the motion to dismiss prior to the Court's ruling.  Although the motion was sent to

her post office box by U.S. mail, it was sent with insufficient postage and therefore not delivered

to Plaintiff.  Instead, a post office employee placed a notice in Plaintiff's post office box that she

could claim the mail if she herself paid the insufficient postage of 72¢.  Because Plaintiff did not

receive notice of the motion in time to respond, the Court will grant her motion to reconsider the

dismissal order in light of her response filed on January 22, 2016.  Therefore, the Court also

grants Plaintiff's motion Motion for Leave to Respond to Defendant's Motion to Dismiss and

Request for Extension of 20 Days to Respond.

---

[5]*Id.*

[6]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se litigants follow procedural rules and citing various cases dismissing pro se cases for failure to comply with the rules)).

[7]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II.     Reconsideration of the Court's December 8, 2015 Memorandum and Order of Dismissal

In reconsidering its order of dismissal, the Court has reviewed the factual allegations in Plaintiff's First Amended Petition[8] as well as her responsive memorandum filed on January 22, 2016.  Plaintiff alleged that she was treated less favorably than similarly situated younger individuals in violation of the Age Discrimination in Employment Act ("ADEA"), and that she was denied overtime pay in violation of the Equal Pay Act.  Plaintiff further alleged that she was denied her rights under the Fifth and Fourteenth Amendments to the United States Constitution. The Court incorporates by reference the standards set forth in its December 8 Order for dismissal.  As the Court explained in that Order, although it was permitted under the local rules to grant the motion as unopposed, the Court did proceed to consider Defendant's arguments for dismissal and found that dismissal was warranted under Fed. R. Civ. P. 12(b)(1) and (b)(6).

As to her constitutional claims, the Court found that dismissal was appropriate under the doctrine of sovereign immunity.  In her January response to the motion to dismiss, Plaintiff argues that this Court has jurisdiction because she exhausted her administrative claims, and that because age discrimination is listed in the Court's *Pro Se* Litigant packet, the Court must have jurisdiction over such claims.  But neither argument negates the Court's previous ruling that sovereign immunity bars Plaintiff's *constitutional* claims.  Plaintiff's exhaustion of administrative remedies only pertains to her claims under the federal discrimination statutes, and her argument about the *pro se* form only pertains to her age discrimination claim.  The Court's previous ruling that the constitutional claims are barred by the doctrine of sovereign immunity thus stands.

---

[8]Plaintiff amended her complaint once as a matter of course on June 23, 2015.  Doc. 4.

The Court dismissed Plaintiff's Equal Pay Act claim for failure to state a claim upon which relief may be granted. The Court assumed Plaintiff's factual allegations to be true, and found that they would not establish a claim under the Equal Pay Act because that statute only concerns discrimination based on sex or gender, not on race, disability, or age.[9] Moreover, the Equal Pay Act does not apply to claims relating to overtime or opportunities to work overtime; the Fair Labor Standards Act ("FLSA") applies to claims for overtime pay, requiring employers to pay employees for hours worked in excess of forty per week at a rate of 1.5 time the employee's regular wages.[10] Although Plaintiff did not mention the FLSA in her Amended Complaint, the Court liberally construed her allegations and considered whether she stated a claim for relief under the FLSA. But even this liberal construction did not help Plaintiff because such a claim required her to allege that she is a covered employee who worked in excess of forty hours per week, yet overtime pay was withheld.[11] She alleged that she was required to perform "more work than similarly situated male co-workers" in order to earn overtime. But she does not allege that the USPS was subject to the FLSA, that she worked in excess of forty hours per week, or that the USPS knew Plaintiff worked overtime hours yet refused to compensate her.[12]

Finally, the Court dismissed Plaintiff's ADEA claim for failure to allege that the USPS took an adverse employment action. The adverse employment action element on a discrimination claim, "includes 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision

---

[9]*See* 29 U.S.C. § 206(d)(1); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

[10]29 U.S.C. § 207(a).

[11]29 U.S.C. § 207(a).

[12]*See Muller v. Am. Mgmt. Ass'n Int'l*, 315 F. Supp. 2d 1136, 1141 (D. Kan. 2003).

causing a significant change in benefits.'"[13]  "Although 'an adverse employment action is not limited to such acts . . . we will not consider a mere inconvenience or an alteration of job responsibilities to be an adverse employment action.'"[14]  Plaintiff alleged that the USPS refused to grant her request for an accommodation by trading her custodial routes with other employees. The Court assumed this fact was true, and found that it does not constitute an adverse employment action because there is no *change* of circumstances alleged.  Instead, the USPS denied Plaintiff's request to trade her job duties with another employee who did not want to trade job duties with her.

Upon reconsideration, given the Court's careful review of the facts alleged in Plaintiff's Amended Complaint in determining that dismissal was warranted, the Court concludes that its prior dismissal order was appropriate.

## III.    Motion for Leave to Amend

Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[15] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[16]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[17]  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to

---

[13]*Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032–33 (10th Cir. 2004)).

[14]*Bejar v. McDonald*, 601 F. App'x 628, 631 (10th Cir. 2015) (quoting *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1268 (10th Cir. 2005)).

[15]Fed. R. Civ. P. 15(a)(2).

[16]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[17]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

relief that is plausible on its face."[18] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

As an initial matter, the Court grants Plaintiff's motions for leave to file a memorandum and affidavit in support of her motion to amend. The Court considers these documents in determining whether amendment is appropriate. The Court has reviewed Plaintiff's proposed second amended complaint, memorandum in support, and affidavit. In the proposed second amended complaint, Plaintiff "abandons her claims of violations of The Equal Pay Act and her claim of violation of her Equal Protection rights."[20] Liberally construing her proposed second amended complaint, she asserts one claim for age discrimination under the ADEA.

Plaintiff's proposed amendments are futile for the following reasons. First, Plaintiff's additional factual allegations do not establish an adverse employment action on her ADEA claim. As the Court previously explained, not every employment action is an adverse employment action for purposes of a disparate treatment claim; there must be significant change in employment status or a decision causing a significant change in benefits. Plaintiff alleges that after being granted a request to perform outside grounds keeping work, she asked to trade job assignments with another custodian so that she could have the "basement assignment," which had been performed by another employee who would not agree to change assignments. She sought this second change in assignment because the outside grounds keeping work was aggravating her osteoarthritis. USPS's failure to grant Plaintiff's request for reassignment under these circumstances was not a significant change in employment status or benefits. Plaintiff does

---

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] Doc. 23 at 1.

not dispute that the strenuous tasks associated with her custodial position were part of her normal job assignments; her claim is that she was discriminated against when the USPS refused to grant her request to trade assignments with an employee who was not willing to trade with her. Under these circumstances, there was not significant change in her employment benefits.[21]

Next, Plaintiff alleges that she was denied overtime pay for her strenuous assignments, and that she was denied overtime opportunities in favor of younger employees. But as this Court explained in its original dismissal order, the Fair Labor Standards Act ("FLSA") applies to claims for overtime pay, requiring employers to pay employees for hours worked in excess of forty per week at a rate of 1.5 time the employee's regular wages.[22] Plaintiff fails to allege that the USPS was subject to the FLSA, that she worked in excess of forty hours per week, or that the USPS knew Plaintiff worked overtime hours yet refused to compensate her.[23]

Finally, Plaintiff alleges that she was denied access to a USPS contract physician for a job-related injury while other similarly-situated younger employees were provided with such access. Again, Plaintiff does not aver a plausible ADEA claim because she does not allege facts that suggest this denial was an adverse employment action, nor that it was because of her age. She merely avers that she learned from other workers that her supervisor misrepresented to her that USPS no longer had a physician on staff.

For all of these reasons, the Court denies Plaintiff's motion for leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Rescind and Dismiss Defendant's Motion to Dismiss (Doc. 18), Motion for Leave to Respond to Defendant's Motion to Dismiss and Request for Extension of 20 Days to Respond (Doc. 19), and

---

[21]*See Piercy v. Maketa*, 480 F.3d 1192, 1203–04 (10th Cir. 2007).

[22]29 U.S.C. § 207(a).

[23]*See Muller v. Am. Mgmt. Ass'n Int'l*, 315 F. Supp. 2d 1136, 1141 (D. Kan. 2003).

Motion to Respond in Opposition to Defendant's Motion to Dismiss (Doc. 27) are **granted**.

Upon reconsideration, the Court's December 8, 2015 Order dismissing this case stands.

       **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to file Affidavit in Support of her Motion to Submit Second Amended Petition (Doc. 25), and Motion for Leave to File Memorandum in Support of Plaintiff's Motion for Leave to  Amend (Doc. 26) are **granted**.

       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint is **denied.**

       **IT IS SO ORDERED.**

Dated: <u>February 8, 2016</u>

                              S/ Julie A. Robinson
                              JULIE A. ROBINSON
                              UNITED STATES DISTRICT JUDGE